1 ROBERT W. FREEMAN
Nevada Bar No. 003062
2 PAMELA L. MCGAHA
Nevada Bar No. 008181
3 LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
4 Las Vegas, Nevada 89118
702.893.3383
5 FAX: 702.893.3789
6 E-Mail: robert.freeman@lewisbrisbois.com
E-Mail: Pamela.mcgaha@lewisbrisbois.com
7 *Attorneys for Geico General Insurance
Company*
8

9 UNITED STATES DISTRICT COURT
10
DISTRICT OF NEVADA
11

12 TANYA JIMENEZ, | CASE NO.: 2:14-cv-1320-APG-NJK

13       Plaintiff, | STIPULATED CONFIDENTIALITY

14     vs. | AGREEMENT AND PROTECTIVE
ORDER

15 GEICO GENERAL INSURANCE | As amended, page 3 and 4.

16 COMPANY, a Foreign Corporation; DOES
I through X; and ROE CORPORATIONS I

17 through X, inclusive,

18       Defendants.

19

20 <u>STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER</u>

21     It appearing to the Court that the Plaintiff, TANYA JIMENEZ ("Plaintiff") and Defendant

22 GEICO GENERAL INSURANCE COMPANY ("GEICO") are in agreement that GEICO

23 possesses proprietary policies and procedures that include confidential information that may

24 be subject to discovery in the proceedings in this matter but which should not be made

25 available to the public generally, this Court hereby orders that:

26     1.    This Confidentiality Agreement and Protective Order shall govern certain

27 discovery and document production among the parties, as well as discovery and document

28 production from third parties, in the above-referenced action.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-0281-5264.1

2.     For purposes of this Confidentiality Agreement and Protective Order, the term "Confidential Information" shall refer to: (1) information which any party or non-party believes in good faith to be a trade secret or confidential research, development, commercial, or other proprietary business information within the meaning of FRCP 26(c)(1)(G); and (2) documents and/or testimony that may reveal confidential, proprietary, personal, or commercially sensitive information.  Such Confidential Information may be contained in any written, printed, recorded, or graphic matter of any kind and shall retain its confidential designation regardless of the medium on which it is produced, reproduced, or stored.  Such Confidential Information may also be elicited at deposition or through written discovery.

3.     Whenever any party or non-party desires to designate information contained in a document as Confidential Information, the designating party shall mark each page of the document with the word "CONFIDENTIAL" and identify such Confidential Information at the time of production.  Confidential Information may be used in the course of depositions in accordance with this Confidentiality Order.

4.     Transcripts or exhibits from any deposition or hearing shall be temporarily designated as "Confidential" and be treated as subject to the terms of this Stipulation.  Within thirty (30) days of receipt of such transcripts and exhibits, Counsel will designate the pages of the transcripts or exhibits which shall remain designated as "Confidential" and will advise all other parties. If no designation is made within thirty (30) days, the entire transcript and all exhibits will be deemed not confidential.

5.     All documents produced or information disclosed and any other records designated as "confidential" by GEICO shall be revealed only to:

   a) Plaintiff;

   b) Plaintiff's counsel of record in this case;

   c) Defendant;

   d) Defendant's counsel of record in this case;

   e) Paralegals and secretarial employees under counsels' direct supervision;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-0281-5264.1                                       2

f)   Outside photocopying, translating, document management, and exhibit preparation services engaged by a party for purposes of this litigation;

g)   Persons employed by counsel to act as consultants or experts in this action;

h)   Any other person GEICO agrees in writing may be shown such documents; and

i)   The Court and court personnel, stenographic reporters, and videographers at depositions taken in this action and any jury empanelled in this action, subject to the protections of Paragraphs 3, 4, and 9 of this Order.

6.     The information considered as "confidential" and disclosed only in accord with the terms of Paragraph 5 shall include, without limitation, any claims manual, training materials, and any other information or documentation supplied by GEICO and designated as "Confidential."

7.     Documents deemed confidential by GEICO shall be used only for the purposes of prosecuting or defending this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to or discussed with anyone other than the individuals designated in Paragraph 5.

8.     Prior to disclosure of any documents designated as "confidential" to any individual who is not a signator to this Agreement, counsel shall require such individual to read this Protective Order and sign the Agreement which is attached hereto as Exhibit A and shall provide a copy of the signed Agreement to counsel for GEICO.

See order issued concurrently herewith.

9.     ~~Prior to filing any motion wherein information designated as "Confidential" is referenced or attached, Plaintiff shall comply with LR 10-5(b) and *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) or provide Counsel for Defendant reasonable time, but in any event not fewer than 15 judicial days, to file a motion pursuant to LR 10-5(b) and *Kamakana* to show particularized good cause or particularized compelling reasons to file those documents under seal.~~

~~LR 10-5(b) provides:~~

~~Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be filed in~~

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    ~~accordance with the Court's electronic filing procedures. If papers are~~
2    ~~filed under seal pursuant to prior Court order, the papers shall bear the~~
     ~~following notation on the first page, directly under the case number:~~
3    ~~"FILED UNDER SEAL PURSUANT TO COURT ORDER DATED~~
     ~~_____." All papers filed under seal will remain sealed until such time as~~
4    ~~the Court may deny the motion to seal or enter an order to unseal them,~~
     ~~or the documents are unsealed pursuant to Local Rule.~~

5

6    ~~Pursuant to *Kamakana* and LR 10-5(b), any documents designated as "Confidential"~~
7    ~~and attached to a non-dispositive motion must be accompanied by a motion showing a~~
     ~~particularized good cause for leave to file those documents under seal. And, any documents~~
8    ~~designated as "Confidential" and attached to a dispositive motion must be accompanied by a~~
9    ~~motion showing a particularized compelling reason for leave to file those documents under~~
10   ~~seal.~~

11
12          10.     This Order is subject to revocation and modification by Order of the Court upon
13   written stipulation of the parties or upon motion and reasonable notice, including opportunity
     for hearing and presentation of evidence.
14
            11.     If any Party believes that it is not bound by this Order respecting documents
15
16   designated "Confidential," it shall give notice to counsel for GEICO at least 30 days before
17   the Party uses or discloses such documents in a manner prohibited by this Order, to enable
     GEICO to contest the intended use through a motion to the Court.
18
            12.     Within 30 days of the final termination of this case, all documents and
19
20   information subject to this Order, including any copies or extracts or summaries thereof, or
21   documents containing information taken therefrom, shall be returned to counsel for GEICO.
     In the alternative, within 30 days of the final termination of this case, all such documents,
22
23   including copies or extracts or summaries thereof, may be shredded or disposed of in a
24   manner to ensure the destruction thereof and a declaration certifying such destruction or
     disposal provided to GEICO.
25
            13.     In any action or proceeding to enforce this Stipulated Protective Order, or
26
27   pursuant to paragraph 12, the prevailing party shall be entitled to recover its reasonable

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-0281-5264.1                                    4

Jimenez v. GEICO
US District Court Case No. 2:14-cv-1320-APG-NJK

attorneys' fees and costs, without limiting any other relief that may be available.

14.     This Order shall remain in effect after the conclusion of this case and the Court shall retain jurisdiction to enforce its terms and to prevent or punish violations of it.

DATED this _2_ day of ~~October~~ December, 2014

MOSS BERG INJURY LAWYERS

By: _____
     Boyd B. Moss III, Esq.
     Marcus A. Berg, Esq.
     625 South Decatur Blvd.
     Las Vegas, Nevada 89107
     *Attorney for Plaintiff*

DATED this _22_ day of October, 2014

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
     Robert W. Freeman
     Nevada Bar No. 3062
     Pamela L. McGaha
     Nevada Bar No. 8181
     Gregory S. Bean
     Nevada Bar No. 12694
     6385 S. Rainbow Boulevard,
     Suite 600
     Las Vegas, Nevada 89118
     *Attorneys for GEICO General Insurance Company*

IT IS SO ORDERED.

_____
United States Magistrate Judge

Dated: December 30, 2014

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## EXHIBIT A

### ACKNOWLEDGMENT OF RECEIPT AND AGREEMENT TO COMPLY WITH STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with a copy of the parties' STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER in the lawsuit captioned Tanya Jimenez vs. GEICO General Insurance Company (District Court Case No. 2:14-cv-1320-APG-NJK).  The undersigned agrees to be bound by the terms of the referenced *Stipulated Confidentiality Agreement and Protective Order* in the same manner as Plaintiffs, Defendants, and their attorneys.

DATED this _____ day of _____, 2014.


By: _____
Litigation Participant - Signature

_____
Name (Printed)

_____
Street Address

_____
City          State  Zip

_____
Occupation of Business

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the ___ day of _____, 2014, I electronically filed the _____ with the Clerk of the Court through Case Management/Electronic Filing System.

CERTIFICATE OF MAILING

     I HEREBY CERTIFY that on the ___ day of _____, 2014, I served a true and correct copy of the foregoing _____ by depositing a copy of same in the United States Mail at Las Vegas, Nevada postage fully prepaid, addressed to:

Boyd B. Moss III, Esq.
Marcus A. Berg, Esq.
MOSS BERG INJURY LAWYERS
625 South Decatur Blvd.
Las Vegas, Nevada 89107
Attorneys for Plaintiff

By: _____
     An Employee of
     LEWIS BRISBOIS BISGAARD & SMITH LLP

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-0281-5264.1